833 F.2d 309
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gussie BUTCHER, Widow of John Butcher, Deceased, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 87-3044.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 31, 1987.
Decided Oct. 29, 1987.
 
 S.F. Raymond Smith, on brief, for appellant.
 George R. Salem, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Thomas L. Holzman, Michelle S. Gerdano, United States Department of Labor, on brief, for appellee.
 Before K.K. HALL, JAMES DICKSON PHILLIPS, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gussie Butcher, the widow of John Butcher, petitions for review of the decision of the Benefits Review Board (Board) affirming the Administrative Law Judge's (ALJ's) denial of benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Secs. 901 et seq. (Black Lung Act).
 
 
 2
 At the hearing before the ALJ, the parties stipulated that John Butcher had been a coal miner for 38 years. The Director also conceded that the x-ray reports and autopsy reports established the existence of pneumoconiosis, raising the interim presumption under 20 C.F.R. Sec. 727.203(a)(1). In a survivor's claim for benefits the presumptions that the miner was totally disabled due to pneumoconiosis at the time of death and that his death was due to pneumoconiosis are both raised, thus requiring separate rebuttal.
 
 
 3
 The ALJ determined that the evidence that Butcher was working the night before he died was sufficient to establish rebuttal of the presumption of total disability due to pneumoconiosis under 20 C.F.R. Sec. 727.203(b)(1). The ALJ determined that Butcher was performing his usual coal mine work at the time of his death and that there was no change in circumstances to establish that his ability to perform his work was reduced. The Board affirmed the ALJ's decision as to the (b)(1) rebuttal. The record provides substantial evidence to support the ALJ's finding that the miner was performing his usual work at the time of his death. Thus, affirmance is proper as to that portion of the ALJ's decision.
 
 
 4
 However, the ALJ also concluded that the claimant had "failed to establish that the miner's death was due to coal workers' pneumoconiosis." The ALJ therefore found that the interim presumption that death was due to pneumoconiosis was also rebutted. The Board affirmed the ALJ's decision, finding that although the ALJ had improperly required the claimant to establish the cause of death, that error was harmless. The Board found rebuttal based on the miner's certified death certificate which indicated that the cause of death was coronary occlusion.
 
 
 5
 Under 33 U.S.C. Sec. 921(b)(3), as incorporated by 30 U.S.C. Sec. 932(a), the Board's authority is limited to determining whether the ALJ's decision is supported by substantial evidence and in accordance with the law. "When the ALJ fails to make important and necessary factual findings, the proper course for the Board is to remand the case to the ALJ pursuant to 33 U.S.C. Sec. 921(b)(4) rather than attempting to fill the gaps in the ALJ's opinion." Director, Office of Workers' Compensation Programs v. Rowe, 710 F.2d 251, 255 (6th Cir.1983); see also Volpe v. Northeast Marine Terminals, 671 F.2d 697, 700 (2d Cir.1982). This Court has concluded that the ALJ is "in a better position to assess the weight and sufficiency of the evidence than either the Board or this court." Zbosnick v. Badger Coal Co., 759 F.2d 1187, 1190 (4th Cir.1985).
 
 
 6
 Because the Board should have remanded the case to the ALJ for consideration of the evidence under the proper standards instead of weighing the evidence itself, we reverse the denial of benefits and remand this case to the Board for further proceedings consistent with this opinion. We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 7
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.